## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MELANIE TORRES, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV-14- |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | Attorney Lien Claimed |
| 1. CARLSBAD MANAGEMENT ) | |
| GROUP, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF,** and for her cause of action, shows this Court as follows:

1. The Plaintiff is Melanie Torres, an adult female resident of Miami-Dade County, Florida.

2. The Defendant is Carlsbad Management Group, a domestic for profit business corporation doing business in Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's action is for gender discrimination (including pregnancy discrimination) and retaliation (including termination) after Plaintiff complained of such discrimination as prohibited by Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act, 25 O.S. § 1301, *et seq*. Jurisdiction over the federal claim is provided by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction is vested in such claims by 28 U.S.C. §1367.

4. The Defendant is located in Cleveland County, which is within the Western District of the United States District Courts for Oklahoma. Venue is appropriate in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

5. Defendant employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years and is a covered employer under Title VII. There is no minimum employee requirement to be subject to the OADA.

6. Plaintiff was hired on or around May 17, 2013 to work as a Leasing Agent at Summit Village, one of the apartment complexes owned by the Defendant.

7. Plaintiff worked at Summit Village until she was terminated by the Defendant on or about September 6, 2013.

8. Around July 2013, Plaintiff informed Lindsey Arthur, Corporate Supervisor, that she was pregnant.

9. Ms. Arthur appeared upset to learn of Plaintiff's pregnancy, and asked Plaintiff why she did not disclose the pregnancy before being hired.

10. On or about August 7, 2013, Plaintiff was told by her supervisor, Brittany Littke (Property Manager), that Ms. Arthur had instructed Ms. Littke to assign Plaintiff an unmanageable amount of job duties in an effort to force her out of the company, and to report any mistakes the Plaintiff made. Ms. Arthur told Ms. Littke that the goal was to make the Plaintiff's work so stressful that the Plaintiff would quit.

11. On or about August 8, 2013, Defendant placed an ad on Craigslist in an effort to fill the Plaintiff's job position, although the Plaintiff was still an employee.

12. After Plaintiff disclosed her pregnancy, she was further discriminated against, including receiving written reprimands around August 9, 2013 and August 10, 2013.

13. On or about August 15, 2013, Plaintiff made a complaint of pregnancy discrimination to Human Resources.

14. Around August 20, 2013, Robert Stewart replaced Ms. Littke as the Property Manager at Summit Village.

15. Immediately after Mr. Stewart's arrival, he began discriminating and retaliating against Plaintiff due to her gender and pregnancy in his actions and comments, including, but not limited to, the following:

    A. On a near daily basis, Mr. Stewart told the Plaintiff that she was incompetent.

    B. Approximately 2-3 times a week, Mr. Stewart told Plaintiff that she overreacted because she was pregnant.

    C. At least twice a week, Mr. Stewart told Plaintiff her pregnancy hormones must be getting to her.

    D. Overloaded Plaintiff with work and then refused to provide any guidance or assistance when she requested he do so.

    E. Made comments and gestures that Plaintiff found to be crude and offensive and Plaintiff advised him of such. Rather than ending such behavior, Mr. Stewart ignored her complaints and claimed that she was just being emotional because of her pregnancy.

16. Defendant's actions, including those listed above, and the actions taken to force Plaintiff to quit, were both objectively offensive and offensive to the Plaintiff, and were severe and/or pervasive such that they gave rise to a hostile working environment.

17. Plaintiff told Mr. Stewart that she didn't like the comments he made to her, including the pregnancy-related comments, and that she wanted him to stop making the comments.

18. Around August 30, 2013, Plaintiff made another complaint of pregnancy discrimination and hostile work environment to Human Resources. Plaintiff specifically complained of Mr. Stewart's actions, unfair treatment, sexually derogatory and inappropriate comments, and being set up for termination.

19. Despite Plaintiff's complaints, no investigation was conducted, no remedial action

was taken, and the harassment continued.

20. Plaintiff was terminated around September 6, 2013. Plaintiff asked Mr. Stewart why she was terminated, but Mr. Stewart refused to provide a reason.

21. As the direct result of Defendant's actions, Plaintiff has suffered lost earnings (past, present and future lost earnings along with the benefits associated with such earnings) and dignitary harm in the form of worry, anxiety, embarrassment and similar unpleasant emotions for which she is entitled to compensation.

22. At the least Defendant's actions were motivated by Plaintiff's pregnancy and/or complaints of discrimination. Plaintiff's complaints may have been a but-for cause of her termination.

23. Plaintiff timely filed a charge of discrimination with the EEOC on or about Sept. 11, 2013. Plaintiff received her right to sue letter on April 30, 2014. This action is timely filed within ninety (90) days of the receipt of such permission to sue. By these actions, Plaintiff has exhausted all administrative requirements and preconditions to filing this action.

24. Discrimination on the basis of gender/pregnancy (including creating a hostile working environment) and retaliation (including termination) after Plaintiff complained of such discrimination violate Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act.

25. Plaintiff is entitled to her lost earnings, dignitary harm/emotional distress damages, attorney fees and costs.

26. The actions of the Defendant were willful, malicious or, at the least, in reckless disregard of Plaintiff's federal and state protected rights such that Plaintiff is entitled to an award of punitive damages under federal law and liquidated damages under state law.

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of her and

against the Defendant and award Plaintiff all of her compensatory damages, pre- and post-judgment interest, liquidated and punitive damages, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 11th DAY OF JUNE 2014.**

s/ Christine E. Coleman
Mark Hammons, OBA #3784
Christine E. Coleman, OBA #30527
HAMMONS, GOWENS, HURST
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Christine@hammonslaw.com
*Counsel for Plaintiff*

Jury Trial Demanded/
Attorney Lien Claimed